[No. C.D. 1615.    En Banc.    April 24, 1969.]

*In the Matter of the Petition of* ARMY SEIJAS *for Reinstatement as a Member of the Washington State Bar Association.**

*Jeremiah M. Long,* for Board of Governors.

*Beresford & Booth, Clay Nixon,* and *Wayne Booth,* for petitioner.

ROSELLINI, J.—Army Seijas petitioned this court for reinstatement as an attorney in 1963. In adopting the recommendation of the Board of Governors that his petition be denied, we said:

> The petitioner has presented an impressive array of recommendatory letters from responsible and reputable business associates and members of the legal profession indicative of his successful return to family, social, and business life. We do not wish to belittle or discourage his continued success in this respect. The testimony of the petitioner, however, given, sometimes first in denial then in explanation, relative to his prior professional and business difficulties is not as reassuring. Evasions, inconsistencies, and uncertainties, not entirely explainable by lapse of time, appear in sufficient degree to reflect upon his forthrightness and cast doubt upon his objectivity toward the high standards and responsibilities demanded of a member of the legal profession. In this respect it cannot be freely said that petitioner has carried his burden of proof.

*In re Seijas,* 63 Wn.2d 865, 389 P.2d 652 (1964).

The history of Mr. Seijas's case is set forth in that opinion and need not be repeated here. He has again petitioned for reinstatement, and the Board of Governors has found that he is now rehabilitated and has recommended, unanimously, that he be reinstated.

As our opinion upon the earlier petition discloses, of the various factors set forth therein which the court takes into account in considering a petition for reinstatement, all except two were satisfied by the evidence presented in behalf of the petitioner. This court was concerned about certain evasions, inconsistencies and uncertainties in his testimony. Also, his petition was submitted only a short time after his release from the federal penitentiary, and it was therefore difficult to form a sound judgment on the question whether Mr. Seijas had indeed become rehabilitated.

*Reported in 454 P.2d 203.

In his appearance before the Board of Governors on his second petition, Mr. Seijas exhibited a genuine understanding of the seriousness of his past conduct and an attitude of regret concerning it, as well as a determination to scrupulously avoid, in the future, any activity which might reflect discredit upon the legal profession. The evidence showed that he has conducted himself honorably since the time of his conviction and has earned the respect of those with whom he has come in contact in business and in private life. There was no evidence to the contrary before the board. A number of members of the legal and other professions vouched for his good character.

The Board of Governors found:

> The applicant affirmatively proved and showed to the satisfaction of the Board of Governors that he possesses the moral qualifications required for admission to practice law in the State of Washington and proved and showed to the satisfaction of the Board of Governors that his reinstatement as a member of the Bar of this state would not be detrimental to the integrity and standing of the Bar and the administration of justice or be subversive of or contrary to the public interest.

The record supports this finding and the recommendation based upon it.

The petition is granted.

HUNTER, C. J., HILL, FINLEY, HAMILTON, HALE, NEILL, and McGOVERN, JJ., and DONWORTH, J. Pro Tem., concur.